UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAWN HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:13-cv-0802-TWP-DKL |
| | ) | |
| SUPERINTENDENT HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Shawn Henderson is an Indiana prisoner who was disciplined at the Pendleton Correctional Facility in a prison disciplinary proceeding identified as No. ISR 13-03-141. He contends in this action that the disciplinary proceeding is tainted with constitutional error. He seeks both damages and his immediate release. The matter is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

Having considered Henderson's habeas petition, and being duly advised, the court finds that the petitioner shows on its face that he is not entitled to the relief he seeks and that the petition must be summarily dismissed. This conclusion rests on the following facts and circumstances:

1. Damages are not available in an action for habeas corpus relief, and thus to that extent Henderson is not entitled to that form of relief. *See Nelson v. Campbell,* 541 U.S. 637, 646

(2004) (noting that "damages are not an available habeas remedy"); *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005) (summarizing the distinctions between 42 U.S.C. § 1983 and habeas actions).

2. In the challenged proceeding, Henderson was sanctioned with the imposition of a 1-year in disciplinary segregation. This sanction did not result in Henderson being placed "in custody" such as is required to maintain a claim under 28 U.S.C. § 2254(a). *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

3. When no recognized liberty or property interest has been taken, which is the case here, the confining authority Ais free to use any procedures it choses, or no procedures at all.@ *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

4. Even if the court could conclude that Henderson suffered the loss of a recognized liberty interest in No. ISR 13-03-141, his actual complaint is with the fact that he is in the custody of the Department of Corrections at all. This is not a challenge to No. ISR 13-03-141.

5. Because Henderson's habeas petition shows on its face that he is not entitled to the relief he seeks, the petition is summarily dismissed and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/28/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Shawn Henderson
DOC #935411
Pendleton Correctional Facility
P.O. Box 30
Pendleton, IN 46064